889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Douglas DANIELS, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5906.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge.*
 
 ORDER
 
 2
 Daniels moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254 (1982). The state has filed a response to the motion. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A Louisville, Kentucky jury convicted Daniels of second degree robbery. He pled guilty to being a persistent felony offender (PFO). Daniels then filed a motion to withdraw the guilty plea, but the state trial court denied the motion. The court sentenced Daniels to five years on the second degree robbery charge, enhanced to fifteen years on the PFO charge.
 
 
 4
 In his petition, Daniels raised four issues: 1) that his guilty plea to the PFO charge was not intelligent and voluntary, 2) that he received ineffective assistance of counsel, 3) that the trial court erred in refusing to hold an evidentiary hearing, and 4) that the trial court made a misstatement of law during the guilty plea proceedings.
 
 
 5
 The district court examined the transcript of the guilty plea hearing on the PFO charge and held that the plea was voluntary and intelligent. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). The court held that the ineffective assistance of counsel and evidentiary hearing issues were without merit because an examination of the guilty plea hearing for the 1974 convictions showed that those pleas were valid. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Henderson v. Morgan, 426 U.S. 637, 647 (1976). Finally, the district court held that the state trial court's misstatement of the law concerning the method of raising a challenge to the validity of prior convictions was harmless error. Fed.R.Civ.P. 61.
 
 
 6
 After an examination of the record, this panel concludes that the district court correctly denied the petition. The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable James P. Churchill, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation